Wright, J.
The Franklin bank holds a mortgage note, payable thirty months after date. Winters holds one payable forty-two months after date. The property mortgaged being insufficient to pay both, shall the bank be first paid, or the proceeds be distributed pro rata ?
On this question there is a conflict of decision. The authorities cited by counsel for plaintiff in error show the difference of holdings in the various states. We do not, however, enter into a discussion of this contrariety of opinion, as we deem the matter to have been settled by our Supreme Court.
In the Bank of the United States v. Covert, 13 Ohio, 240, Lane, C. J., stated the rule as follows: “ When a mortgage is given to secure money payable by installments, it obviously should be applied first to pay the installments first due, fob the obligation to pay the first may be enforced against the property, before any default in the later payments.”
Thif* decision was made in 1844, and for many years has *253 been the understood rule of law, upon which our people have acted, and in view of which financial transactions have long been and are now had. To overrule now would unsettle commercial ideas to an extent not to be desired. "We do not consider that Swartz v. Leist, 13 Ohio St., overrules Bank v. Covert. In the syllabus of Swartz v. Leist, the language is used “ that if several promissory notes are jointly secured by mortgage, the assignee of one of these notes, so secured, becomes equitably entitled to a pro rata participation in the benefit of the security.” But in that case there was no question as to priority of right as between notes differing in date' of maturity. A note was given to a mortgagee, who assigned it, and then canceled the mortgage. The property having been sold, the point was, could the note be enforced against an innocent purchaser of the laud ?
We understand, then, the rule to be that the note first due is entitled first to be paid, unless a different intention has been expressed by the parties. People’s Savings Bank of Evansville v. Tierney, Supreme Court of Indiana, September 25,1878, not yet reported. But it is claimed that special circumstances take this case out of the general rule. It is argued that in Bank v. Covert, the condition of the mortgage was to pay “ according to the tenor and effect ” of the notes; and in other cases it was to pay the notes “ as they became due.” In this mortgage the condition is to “ pay the said notes and save the said John Bains harmless and free from any cost, damage, or loss arising from his indorsement of said notes.” We can not see any difference,- in legal effect, between this condition and the others mentioned. The ouly way in which John Bains could be saved harmless was by paying the notes “ as they became due.” If they were not so paid, he would inevitably be put to the cost, damage, or loss necessary in enforcing their payment.
Nor does the phrase in the condition of defeasance— “this mortgage is taken and held by John Bains for his own security, and as trustee for said creditors of Lawton, Barnet & Co.” — alter the case. If John Bains is security, *254 as he was, in the notes which lie had indorsed, it can make no difference to him what the order of distribution was, so that all the proceeds went to creditors. Whether these proceeds went all to A., or half to A. and half to B., the amount for which he would be ultimately liable must be still the same.
And although he was trustee, he was trustee for the parties according to their legal rights.
Judgment of the district court is affirmed.